IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| YVONNE FLITTON, <br><br>    Plaintiff, <br><br> v. <br><br> PRIMARY RESIDENTIAL MORTGAGE, INC., and JOHN DOES I - V, <br><br>    Defendant. <br><br><br> PRIMARY RESIDENTIAL MORTGAGE, INC., <br><br>    Counterclaimant, <br><br> v. <br><br> YVONNE FLITTON, <br><br>    Counterclaim Defendant. | MEMORANDUM DECISION AND ORDER ON DEFENDANT'S MOTIONS IN LIMINE <br><br><br> Civil No. 2:03-CV-481 TS <br><br> Judge Ted Stewart <br><br> Magistrate Sam Alba |

This matter came before the Court on September 7, 2005, for a hearing on Defendant's three motions in limine—namely, its Motion in Limine Excluding Post-Termination Evidence and Testimony, its Motion in Limine/Renewed Motion to Strike Plaintiff's Demand for Punitive Damages, and its Motion in Limine Limiting Testimony to Elements of Remaining Causes of Action. Blake S. Atkin and Brennan H. Moss represented Plaintiff, and Darryl J. Lee represented Defendant.

Having reviewed the briefs and other documents filed in support and in opposition to the motions, and hearing oral argument of counsel, and good cause appearing therefor, the Court rules as follows:

## I.  MOTION IN LIMINE EXCLUDING POST-TERMINATION EVIDENCE AND TESTIMONY

At this juncture, the Court elects neither to grant or deny this motion in limine *in toto*.  The Court, however, provides the following direction to the parties and their counsel regarding the presentation and admission at trial of evidence concerning events that occurred subsequent to Plaintiff's termination on October 11, 2002.  What is relevant is the evidence as to Defendant's stated reasons for termination as of that date, the motivation, and the intent of those who actually terminated Plaintiff's employment, those being Defendant's CEO, David Zitting, and its Director of Human Resources, Stacy Stetner.  A further issue is whether or not the Defendant's reasons, as of the date of termination, were pretextual.  The Court will allow the introduction of evidence as to the knowledge, intent, and motivation of those two individuals as of October 11, 2002.  Accordingly, the Court grants Defendant's in limine motion to the extent that any evidence is sought to be introduced at trial that is outside the parameters set forth above, but is denying it to the extent that there might be evidence introduced that post-dates October 11, 2002, but is nonetheless relevant to the stated reasons for termination as known and understood by Mr. David Zitting and Ms. Stetner as of the termination date.

## II.  MOTION IN LIMINE/RENEWED MOTION TO STRIKE PLAINTIFF'S DEMAND FOR PUNITIVE DAMAGES

The Court views this motion as one for reconsideration of its prior ruling, and it simply will take it under advisement at this time and will reserve ruling until the evidence at trial has been presented.  After the presentation of evidence, the Court will then decide whether the

evidence admitted at trial meets the legal standard of malice or reckless indifference. If the Court so concludes, the issue can then be sent to the jury.

### III.  MOTION IN LIMINE LIMITING TESTIMONY TO ELEMENTS OF REMAINING CAUSES OF ACTION

The Court denies the motion, as presented, because it is overly broad. However, the Court provides the following instruction and ruling to the parties and their counsel. The Court states that there are two remaining claims to be decided, Title VII gender discrimination and retaliation. The key issues are whether Plaintiff was treated less favorably than other similarly situated co-workers, whether or not Plaintiff was engaged in protected activity in her discussions with Mr. David Zitting, and what did she make known to Mr. David Zitting and Ms. Stetner regarding alleged sexual harassment. The Court will restrict the calling of witnesses and the testimony elicited from any witness to that which is relevant to the key issues outlined above. The Court will not allow testimony or evidence that is totally irrelevant or only marginally relevant, that is highly prejudicial. The Court deems testimony and evidence on the issues of polygamy and pornography to fall within one of those two categories. At this point, the Court is not going to preclude the calling of any witnesses, but is going to rely upon the parties to according to the parameters set by the Court. If at trial any witness strays beyond these parameters, it would be appropriate for counsel to make a proper objection at that time.

### IV.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion in Limine to Exclude Post-Termination Evidence and Testimony (Docket No. 107) is taken under advisement. It is further

ORDERED that Defendant's Motion in Limine/Renewed Motion to Strike Plaintiff's Demand for Punitive Damages (Docket No. 88) is taken under advisement. It is further

ORDERED that Defendant's Motion in Limine Limiting Testimony to Elements of Remaining Causes of Action (Docket No. 86) is DENIED.

DATED   September 30, 2005.

BY THE COURT:

_____
TED STEWART
United States District Judge