IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| YVONNE FLITTON,<br><br>     Plaintiff and Counterclaim Defendant,<br><br><br><br>     vs.<br><br><br>PRIMARY RESIDENTIAL MORTGAGE, INC.,<br><br>     Defendant and Counterclaimant. | MEMORANDUM DECISION AND ORDER ON MOTIONS IN LIMINE AND MISCELLANEOUS MATTERS<br><br><br><br><br><br>Case No. 2:03-CV-481 TS |

This matter is before the Court on several Motions in Limine filed by Defendant, as well as on a letter request by Plaintiff regarding a previous stipulation regarding damages.  Trial is scheduled to begin October 31, 2005.  The Court will now rule on these issues, as well as establish the parameters of what testimony will be allowed at trial with respect to damages.

DISCUSSION

I.     Plaintiff's Request to Withdraw Stipulation re: Damages

On October 26, 2005, the Court received a letter from Plaintiff's counsel requesting that he be "relieve[d] . . . of the burden" of a stipulation he made in open court at the final pretrial conference in this matter on October 12, 2005.  At that hearing, Plaintiff's counsel stipulated to

1

Defendant's assertion that damages would be limited to front and back pay, interest, and punitive damages.  Defendant's counsel admits that he did make such a stipulation, but argues that is was based upon a misunderstanding and lack of authority.  Attached to the above-referenced letter was a copy of a letter from Plaintiff's counsel to Defendant's counsel soon after the hearing, wherein Plaintiff's counsel explains that he did not have authority to so stipulate.

Having considered the totality of the circumstances presented by this case, including the procedural history and the discussions held at the final pretrial conference, the Court will grant Plaintiff's request to withdraw his stipulation regarding damages.  It does not appear that Plaintiff's counsel was authorized by Plaintiff herself to make such a stipulation.  Further, it is not unduly prejudicial to Defendant because Defendant knew compensatory damages might be sought and had the opportunity to discover the basis for such claims.[1]  Therefore, the Court will allow Plaintiff to withdraw from his stipulation in the name of fairness and equity.

II.     Back and Front Pay Damages

The Court makes the initial ruling that the issues of both back and front pay are issues of equitable relief available to Plaintiff.  Thus, they are uniquely within the province of the Court, and not the jury, to decide.  The applicable statute – 42 U.S.C. § 2000e-5(g) – expressly sets forth that back pay is an equitable remedy, and therefore a matter for the Court.  Further, the Tenth

---

[1] In the above-referenced letter between counsel, Plaintiff's counsel specifically cites to Plaintiff's deposition for four different instances where emotional distress damages were discussed.

Circuit has established that "certainly 'front pay' would qualify as 'other equitable relief' the court may grant if deemed appropriate."[2]

The Court will not allow any testimony to be offered to the jury regarding back and front pay damages.  In the event that the jury finds for Plaintiff on liability, the Court will – subsequent to the jury trial – hear that testimony in a separate bench trial and make that determination as a matter of law.

III.     Motions in Limine

Defendant has filed five separate Motions in Limine, seeking to limit or exclude certain testimony or documentary evidence sought to be admitted by Plaintiff.  Plaintiff has filed responses.  The Court will now rule as follows.

A.      Motion in Limine to Exclude Evidence Relating to Plaintiff's Exhibit 25: "Loan Loss Summary"

The Court will deny the Motion and allow introduction of Plaintiff's Exhibit 25, if Plaintiff can meet the following requirements: 1) the exhibit must be simply a summary of what Plaintiff will testify to at trial; 2) Plaintiff must show its relevance; 3) Plaintiff must establish a foundation upon which Plaintiff can testify as to its preparation and contents; and 4) the exhibit must have no handwritten notes on it.

---

[2] *E.E.O.C. v. General Lines, Inc.*, 865 F.2d 1555, 1561 (10th Cir. 1989).

B.   Motion in Limine to Exclude Evidence Relating to Post-Termination Performance
     and Exhibit 10

The Court will grant this Motion.  The Court will not allow a "mini-trial" of what
happened after Plaintiff was terminated.  What matters is what was known by Defendant's
employees as of the date of termination, October 11, 2002.  By the same token, the Court will
also not allow Defendant to put on evidence of what it discovered after Plaintiff was terminated.

C.   Motion in Limine to Exclude Plaintiff's Exhibits 20 and 21

The Court will take this matter under advisement.  Counsel should know that this, and all
other demonstrative exhibits, will be prohibited to the extent the exhibits are not accurate
reflections of the underlying facts and testimony.  Further, the exhibits will not be admitted to the
extent they reflect post-termination data evidence or testimony.

D.   Motion in Limine to Exclude Evidence Relating to Plaintiff's "Volume and
     Income Analyses"

The Court will take this Motion under advisement.  Because testimony of back and front
pay will not be heard by the jury, this issue may become relevant at the bench trial to be held in
the event the jury determines liability on the part of Defendant.  At that time, the Court will be
able to decide whether it is within Plaintiff's ability to testify to the matters in the exhibits as a
lay witness.  The burden will be upon Plaintiff to establish her competency.

E.      Motion in Limine to Exclude Evidence Relating to Handwritten Notations

Contained in Plaintiff's Exhibits 2, 4, 16, 17, 18, 22 and 27

The Court will grant this Motion, and will not allow the admission of exhibits with

handwritten notes on them, unless no other copy of the exhibit is available, in which case the

notes should be redacted.  The Court is not ruling on whether these exhibits are admissible

without the handwritten notes.

CONCLUSION

Based upon the above, it is hereby

ORDERED that Plaintiff shall be allowed to withdraw his stipulation regarding damages.

It is further

ORDERED that the Court will not allow testimony or evidence regarding back or front

pay to be heard by the jury, but will hold a separate bench trial in the event that the jury

determines liability against Defendant.  It is further

ORDERED that Plaintiff's Motion in Limine to Exclude Evidence Relating to Plaintiff's

Exhibit 25: "Loan Loss Summary" [Docket No. 126] is DENIED.  It is further

ORDERED that Plaintiff's Motion in Limine to Exclude Evidence Relating to Post-

Termination Performance and Exhibit 10 [Docket No. 128] is GRANTED.  It is further

ORDERED that Plaintiff's Motion in Limine to Exclude Plaintiff's Exhibits 20 and 21

[Docket No. 130] is TAKEN UNDER ADVISEMENT.  It is further

ORDERED that Plaintiff's Motion in Limine to Exclude Evidence Relating to Plaintiff's "Volume and Income Analyses" [Docket No. 132] is TAKEN UNDER ADVISEMENT until the bench trial on back and front pay, if any.  It is further

ORDERED the Plaintiff's Motion in Limine to Exclude Evidence Relating to Handwritten Notations Contained in Plaintiff's Exhibits 2, 4, 16, 17, 18, 22 and 27 [Docket No. 134] is GRANTED.

SO ORDERED.

DATED  October 27, 2005.

BY THE COURT:

_____
TED STEWART
United States District Judge