IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| YVONNE FLITTON,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>PRIMARY RESIDENTIAL MORTGAGE, INC.,<br><br>    Defendant and Counterclaimant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO STRIKE NEWLY-IDENTIFIED EXHIBITS AND FOR SANCTIONS FOR PLAINTIFF'S FAILURES TO COMPLY WITH THE COURT'S ORDERS<br><br><br><br>Case No. 2:03-CV-481 TS |

This matter is before the Court on Defendant's Motion to Strike Newly-Identified Exhibits and For Sanctions For Plaintiff's Failures to Comply with the Court's Orders, filed on October 28, 2005. Plaintiff filed her response the same day. This matter is set for trial to commence on October 31, 2005.

BACKGROUND

On October 26, 2005, Plaintiff filed two separate pleadings entitled "Plaintiff's Rule 26(a) and (e) Supplementation of Exhibits" (Docket Nos. 146 and 165), in which she identifies more than 130 documents which she wants to use as exhibits at trial. It appears that Plaintiff has

1

had these documents in her possession for some period of time between 19 months and three years.  However, except for certain demonstrative exhibits identified, Plaintiff has not provided to Defendant copies or other specific identification of these additional documents.

      This case is nearly two and a half years old, and Plaintiff has had numerous opportunities to disclose these documents, which have been known to Plaintiff during that time.  The Court's August 14, 2003, Scheduling Order required that Rule 26(a)(3) pretrial disclosures would be made by November 19, 2004.  A final pretrial conference was held on January 10, 2005, wherein the Court struck the trial date, and these documents were not mentioned.  On January 13, 2005, Plaintiff filed a Revised Exhibit List, and these documents were not identified.  In April 2005, these documents were not disclosed in the parties' Joint Final Pretrial Order.  At the final pretrial conference held on October 12, 2005, these documents were neither disclosed nor discussed by counsel.  Finally, Plaintiff again failed to disclose these documents as potential exhibits as part of the process leading to the execution of the Final Pretrial Order, issued October 24, 2005.  Plaintiff's intention to use these documents was not made known until October 26, 2005 – three business days prior to trial.

## DISCUSSION

      Fed. R. Civ. P. 16(f) provides for sanctions in the event that "a party or a party's attorney fails to obey a scheduling or pre-trial order . . . ."  As noted above, scheduling orders and deadlines in this case have been set, and have come and gone without the disclosure of these documents as potential trial exhibits.  The Court finds that the attempt to so disclose at this late date is a violation of the Court's previous scheduling orders and deadlines.

      The Court further finds that Plaintiff's attempt to "supplement" the exhibits on the eve of trial is an attempt to modify the Final Pretrial Order in this case.  Fed. R. Civ. P. 16(e) provides

that, the Final Pretrial Order "shall control the subsequent course of action unless modified by a subsequent order. The order following a final pretrial conference shall be modified only to prevent manifest injustice." The Court will not modify the Final Pretrial Order issued in this case on October 24, 2005, to allow the addition of these documents. Such modification would not prevent manifest injustice, but may very well cause it.

In response to Plaintiff's last-minute "supplementations," Defendant requests that, as a sanction to such behavior, the Court strike the documents, prohibit their use at trial, and award attorney's fees and costs. In determining whether to exclude documents proposed as exhibits on the eve of trial, the Court should consider: 1) the prejudice or surprise to the party against whom the evidence is offered; 2) the ability to cure the prejudice; 3) the extent to which introducing such evidence would disrupt the trial; and 4) the moving party's bad faith or willfulness.[1]

Considering these factors, the Court finds these documents must be stricken and prohibited from use at trial, but will not grant Defendant's request for attorney's fees and costs. First, the prejudice or surprise that would be suffered by Defendant if these documents were allowed would be significant. As noted, the majority of these documents have been in Plaintiff's possession for years, and she has had numerous opportunities to disclose them to Defendant. Her failure to do so until the literal eve of trial is prejudicial and amounts to unfair surprise to Defendant. To require Defendant to retool its trial preparation and strategy to such a degree and at such a late date to respond to these documents would represent manifest injustice, given the fact that these documents could have been disclosed at any point over the pendency of this case. Second, short of postponing the trial – which the Court is unwilling to do – there is no way to

---

[1] *In re Indep. Serv. Orgs. Antitrust Lit.,* 85 F.Supp.2d 1130, 1162 (D. Kan. 2000), (citing *Summers v. Missouri Pacific R.R. System*, 132 F.3d 599, 604 (10th Cir. 1997)).

cure the prejudice noted above at this late date.  Third, allowing such a high volume of exhibits to be added at this time would also almost certainly extend or disrupt the trial, as the scheduling of witnesses and the timing of the trial has been set for some time.  Finally, while the Court does not make the express finding of bad faith or willfulness, the Court simply cannot excuse the tactics displayed by Plaintiff in this instance.

CONCLUSION

Based upon the above, it is hereby

ORDERED that Defendant's Motion to Strike Newly-Identified Exhibits and for Sanctions for Plaintiff's Failures to Comply with the Court's Orders [Docket No. 167] is GRANTED.  It is further

ORDERED that Plaintiff's two pleadings entitled "Rule 26(a) and (e) Supplementation of Exhibits" [Docket Nos. 146 and 165] are STRICKEN.  It is further

ORDERED that the exhibits referenced therein are prohibited from use at trial.  It is further

ORDERED that Defendant's request for attorney's fees and costs is DENIED.

SO ORDERED.

DATED  October 28, 2005.

BY THE COURT:

_____
TED STEWART
United States District Judge