IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| YVONNE FLITTON,<br><br>    Plaintiff and Counterclaim Defendant, | MEMORANDUM DECISION AND ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT'S RULE 50 MOTION FOR JUDGMENT AS A MATTER OF LAW |
| vs. | |
| PRIMARY RESIDENTIAL MORTGAGE, INC.,<br><br>    Defendant and Counterclaimant. | Case No. 2:03-CV-481 TS |

This matter is before the Court on Defendant's Motion for Judgment as a Matter of Law, made pursuant to Fed. R. Civ. P. 50. At the close of Plaintiff's case on November 3, 2005, Defendant made its Motion orally, and the Court heard argument of counsel. Defendant filed its Motions in written form later the same day – one on both of Plaintiff's Title VII claims,[1] and one, in the alternative, on Plaintiff's claim for punitive damages.[2]

---

[1] Docket No. 178.

[2] Docket No. 176.

During the course of this trial, the Court has carefully observed each witness and examined the admitted evidence.  The Court is also familiar with and has considered "all of the evidence in the record" as it relates to the instant Motion.  Based thereon, and drawing all reasonable inferences in favor of the Plaintiff as the nonmoving party, the Court will GRANT Defendant's Rule 50 Motion for Judgment as a Matter of Law.  In making this determination, the Court did not make any credibility determinations, did not weigh the evidence, nor did it draw inferences from the evidence.

I.   DISCUSSION

Pursuant to Fed. R. Civ. P. Rule 50(a), "[i]f during a trial by jury a party has been fully heard on an issue and there is *no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue*, the court may determine the issue against the party and may grant a motion for judgment as a matter of law against that party . . . ." (emphasis added).

The United States Supreme Court has set forth the applicable standard in *Reeves v. Sanderson Plumbing Prod., Inc.*,[3]:

> [I]n entertaining a motion for judgment as a matter of law, the court should review all of the evidence in the record.  In doing so, however, the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence.  "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge."  Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe.  That is, the court should give credence to the evidence favoring the nonmovant as well as that "evidence

---

[3] 530 U.S. 133, 135 (2000) (internal citations omitted).

>supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses."

The Tenth Circuit has further clarified that judgment as a matter of law is appropriate "only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position."[4]

### A. Gender Discrimination

In order to prevail at trial on Plaintiff's Title VII gender discrimination claim, she must establish both that Defendant discharged her, and that her gender was a motivating factor in Defendant's decision. The Court finds that there has been no evidence provided other than Plaintiff's own subjective belief that gender was a motivating factor in her termination, which is insufficient to satisfy the elements just noted.

Defendant called a number of witnesses, none of which expressed any view that they witnessed or experienced any gender discrimination on the part of Defendant. Evidence did indicate that Plaintiff's predecessor, who was male, was terminated by Defendant for poor performance – the same reasons given by Defendant for Plaintiff's termination. Plaintiff produced evidence that she had communicated to Dave Zitting, Defendant's President and CEO, that she believed the Defendant's alleged plans to cap her salary were motivated by the fact she was female. However, Plaintiff's own testimony was that those salary actions would also apply to all employees in the wholesale division being paid under the same pay structure as Plaintiff – both males and females. Plaintiff's subjective belief that this payroll action was motivated by

---

[4] *Finley v. United States*, 82 F.3d 966, 968 (10th Cir. 1996).

gender discrimination is wholly unsupported by Plaintiff's own evidence, and is insufficient on its own to make out her claim.

The Court notes that the parties disagree with the Court on the appropriate elements to make out a gender discrimination claim. Plaintiff asserts that the elements are: 1) she belongs to a protected class, 2) she suffered adverse employment action, and 3) that adverse employment action occurred under circumstances giving rise to an inference of discrimination.[5] Defendant asserts that there are four elements required to make out such a claim, showing that Plaintiff: 2) is a member of a class protected by Title VII, 2) suffered an adverse employment action, 3) was qualified for the position and performing satisfactorily, and 4) was treated less favorably than other similarly-situated male employees.[6] Even considering the different elements argued by either party, the Court makes the alternative finding that, based upon the evidence received during Plaintiff's case-in-chief, a reasonable jury could not find that the adverse employment action occurred under circumstances giving rise to an inference of discrimination, nor could it find that Plaintiff was treated less favorably than other similarly-situated male employees.

In sum, Plaintiff has wholly failed to establish any legally sufficient link between her gender and her termination by Defendant. The Court finds that there is no legally sufficient evidentiary basis for a reasonable jury to find for Plaintiff on this issue. Therefore, the Court will enter judgment against Plaintiff and in favor of Defendant on Plaintiff's claim of gender discrimination.

---

[5] *See* Plaintiff's Proposed Jury Instruction No. 16.

[6] *See* Defendant's Jury Instruction No. 3.

B.      Retaliation

In order to establish a claim for retaliation, Plaintiff must show that: 1) she complained that she suffered discrimination, 2) contemporaneous with or subsequent to her engaging in protected opposition to discrimination, Defendant took adverse action against her, and 3) there is a causal connection between her engaging in protected opposition to discrimination and any adverse action taken against her.  While general and vague complaints are not sufficient, the Court finds that Plaintiff's good-faith belief that discrimination was occurring, combined with the e-mail she sent to Mr. Zitting, are legally sufficient for a jury to consider.  Therefore, the Court will deny Defendant's Motion as it relates to Plaintiff's retaliation claim, and this issue will go to the jury for determination.

C.      Punitive Damages

The parties agree that the controlling case regarding punitive damages is *Kolstad v. American Dental Association*[7]  In that case, the Supreme Court established that under Title VII, "[a] complaining party may recover punitive damages under this section against a respondent . . . if the complaining party demonstrates that the respondent engaged in a discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual."[8]  The Court finds that Plaintiff has produced no legally sufficient evidence whatsoever that Defendant acted with either malice or with reckless indifference to Plaintiff's

---

[7] 527 U.S. 526 (1999).

[8] *Id.* (quoting 42 U.S.C. § 1981a(b)(1)).

federally protected rights. Therefore, the Court will grant Plaintiff's Motion and the issue of punitive damages will not go to the jury.

II.     CONCLUSION

Based upon the above, it is hereby

ORDERED that Defendant's Motion for Judgment as a Matter of Law on Title VII Claims [Docket No. 178] is GRANTED, in part, and DENIED, in part. Judgment will be entered against Plaintiff and in favor of Defendant on Plaintiff's gender discrimination claim, but the retaliation claim will go to the jury. It is further

ORDERED that Defendant's Motion for Judgment as a Matter of Law on Punitive Damages [Docket No. 176] is GRANTED.

SO ORDERED.

DATED this 4th day of November, 2005.

BY THE COURT:

_____
TED STEWART
United States District Judge