IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| YVONNE FLITTON,<br><br>   Plaintiff and Counterclaim Defendant, | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S REPLY |
| vs. | |
| PRIMARY RESIDENTIAL MORTGAGE, INC.,<br><br>   Defendant and Counterclaimant. | Case No. 2:03-CV-481 TS |

This matter is before the Court on Plaintiff's Motion to Strike Defendant's Reply

Memorandum in Support of its Rule 50 Motion for Judgment Notwithstanding the Verdict, filed

January 12, 2006.[1]  A hearing is scheduled on Defendant's Rule 50 Motion for January 13, 2006.

The local rules set forth a page limitation of ten pages for reply memoranda, and

specifically excludes the "face sheet, table of contents, statements of issues and facts, and

---

[1] The Court notes that the reply memorandum at issue was filed December 28, 2005, but this Motion did not come until fifteen days later, and only one day before the hearing on the underlying Rule 50 Motion.

1

exhibits" from that calculation.[2]  The reply memorandum at issue, even including the "conclusion" page, is only eight pages, and the page limitation of ten pages, on its face, has not been violated.

Plaintiff argues, however, that "Defendant attempts to hide the fact that its brief is over the page limit by labeling 19 pages of its brief as a 'Facts' section.  Defendant's 'Facts' section is actually an argument over the facts Plaintiff presented in her Memorandum in Opposition and therefore should be considered argument under Rule 7."[3]  The Court disagrees.  Defendant, in its fact section, directly responds to the factual assertions of Plaintiff with specific citations to the trial record.  That is the purpose of the fact section of a memorandum, and Defendant did so appropriately.

The Court notes that Plaintiff makes her DUCivR 7-1 argument in roughly one and a half pages, and then spends nearly five pages in what amounts to an inappropriate sur-reply of specific factual issues raised in Defendant's reply memorandum, including numbering rebuttal points, citing to the reply memorandum, and arguing the applicability of the facts.  The statements and arguments made in those five pages are not relevant to the Court's consideration of Plaintiff's instant motion under DUCivR 7-1.  They appear, ironically, to be an attempt to secure a "second bite" which would otherwise be precluded procedurally.  The Court will not permit this strategy, and orders those five pages stricken from the record.

Based upon the above, it is hereby

---

[2] DUCivR 7-1(b)(3).

[3] Plaintiff's Motion at 3.

ORDERED that Plaintiff's Motion to Strike Defendant's Reply Memorandum in Support of its Rule 50 Motion for Judgment Notwithstanding the Verdict [Docket No. 211] is DENIED. It is further

ORDERED that the argument beginning in the first full paragraph of page three of Plaintiff's Motion, continuing through page seven, is STRICKEN.

SO ORDERED.

DATED this 12th day of January, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge