IN THE UNITED STATES DISTRICT COURT DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| YVONNE FLITTON,<br><br>        Plaintiff,<br>vs.<br><br>PRIMARY RESIDENTIAL MORTGAGE, INC.<br><br>        Defendant. | ORDER<br><br>2:03CV481DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Plaintiff's Motion to Enter Judgment Upon Remand, Plaintiff's Motion for Attorneys' Fees Under Rule 54(d)(2) and 42 U.S.C. § 2000e-5(k), and Defendant's Motion to Strike Motion for Attorney Fees. The court does not believe that a hearing will significantly aid in its determination of these matters. Therefore, the court renders the following Order based on the materials submitted by the parties.

DISCUSSION

I.      Form of Judgment

The parties dispute what is required to be in the Judgment. Defendant asserts that the Judgment should identify only the jury's verdict on the retaliation claim as it was reinstated by the Tenth Circuit. Plaintiff's proposed Judgment includes language regarding the other claims reinstated by the Tenth Circuit and the proposed disposition of issues in the case.

Rule 58 of the Federal Rules of Civil Procedure states that "[e]very judgment and amended judgment must be set forth on a separate document." Fed. R. Civ. P. 58. This rule has

been interpreted to "require that there be a judgment set out on a separate document – distinct from any opinion or memorandum – which provides the basis for the entry of judgment." *United States v. Clearfield State Bank*, 497 F.2d 356, 359 (10th Cir. 1974).  The final judgment should "specify the disposal of all the claims and the relief to which the prevailing parties are entitled." *See Stamatakis Indus. v. J. Walter Thompson, U.S.A., Inc.*, 944 F.2d 382, 384 (7th Cir. 1991).

The ruling of the Tenth Circuit is set forth in that court's order.  The Judgment in this court should only set forth the claim and the jury's verdict.  It would be improper for the Judgment to state the scheduling for the disposition of reinstated claims for which there is no verdict or final judgment.  Accordingly, the court will prepare and enter Judgment for only the jury's verdict on the retaliation claim.

## II.  Attorney's Fees

Pursuant to local rule DUCivR 54-2(f) "a motion for attorneys' fees authorized by law must be filed and served within thirty days after (i) entry of judgment or (ii) an appeals court remand that modifies or imposes a fee award.  Plaintiff contends that it is appropriate for the court to award interim attorney's fees with respect to the retaliation claim reinstated by the Tenth Circuit.  Defendant opposes the interim attorney's fees on the grounds that the attorney's fees for the retaliation claim are intermixed with the attorney's fees for the discrimination claim that still needs to go to trial.

Because of the interrelated nature of Plaintiff's claims, the court agrees that the award of attorney's fees should await the conclusion of all the claims.  Accordingly, the court denies Plaintiff's motion for attorney's fees without prejudice to be raised at the conclusion of the case.

**CONCLUSION**

Based on the above reasoning, Plaintiff's Motion to Enter Judgment Upon Remand is GRANTED IN PART AND DENIED IN PART, Plaintiff's Motion for Attorneys' Fees Under Rule 54(d)(2) and 42 U.S.C. § 2000e-5(k) is DENIED without prejudice to being reasserted at the conclusion of the case, and Defendant's Motion to Strike Motion for Attorney Fees is GRANTED.

DATED this 19th day of February, 2008.

_____
Dale A. Kimball,
United States District Judge