IN THE UNITED STATES DISTRICT COURT DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| YVONNE FLITTON,<br><br>    Plaintiff,<br>vs.<br><br>PRIMARY RESIDENTIAL MORTGAGE, INC.<br><br>    Defendant. | ORDER<br><br>2:03CV481DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant's Motion in Limine to Exclude All Evidence or Testimony Concerning Emotional Distress Damages. The motion has been fully briefed. On March 28, 2008, the court held a hearing on this motion and took the matter under adivsement. The court issues the following order based on the materials submitted by the parties, the arguments advanced at the hearing, and the law and facts relevant to the motion.

## DISCUSSION

### Defendant's Motion to Exclude All Evidence Concerning Emotional Distress Damages

PRMI seeks to exclude all evidence or testimony of Flitton's emotional distress damages caused by PRMI's termination of Flitton's employment because she has already tried that evidence to a jury on her retaliation claim and received $50,000 for such emotional distress. PRMI argues that the law does not permit Flitton to seek or recover any additional emotional distress damages for the same injury.

In *Roberts v. Progressive Independence, Inc.*, 183 F.3d 1215 (10th Cir. 1999), the Tenth

Circuit reversed a district court's grant of summary judgment on a wrongful termination claim and affirmed a jury verdict's award of $85,000 in emotional distress damages on the plaintiff's reasonable accommodation claim.  In remanding the wrongful termination claim, the court held that the plaintiff "will not be entitled to any additional damages for pain and suffering on his wrongful termination claim" because his "damages from the failure to accommodate and the termination were inextricably linked."  *Id.* at 1224.  The court explained that "with respect to pain and suffering damages, . . . the jury award for the reasonable accommodations claim is coextensive with any award [plaintiff] might receive for his wrongful termination claim."  *Id.*

Flitton argues that *Roberts* is distinguishable because her damages are not inextricably intertwined.  Flitton asserts that while the emotional distress associated with the retaliation claim was based on her termination, the discrimination claim is based on PRMI's discriminatory conduct leading up to the termination.  Both of Flitton's claims, however, involve the same adverse action–Flitton's termination.  Flitton's gender discrimination claim is not a hostile environment claim that may compensate her for ongoing violations over a period of time.  Flitton's hostile environment claim was dismissed on summary judgment and not appealed.  Gender discrimination claims require an adverse employment action.  Flitton's discrimination claim depends entirely on whether PRMI terminated her employment based on her gender.  If Flitton proves her gender discrimination claim, she is entitled to damages that were directly caused by the adverse employment action, which in this case is her termination.

The facts establishing Flitton's emotional pain and mental anguish with respect to her termination were presented to the jury during the first trial and the jury awarded her $50,000 for such injuries.  Flitton's emotional damages from being terminated as a result of gender

discrimination and/or retaliation are inextricably linked and coextensive. Therefore, she is not entitled to seek an award for additional emotion distress damages at this trial.

Although Flitton is not entitled to seek duplicate emotional distress damages for her gender discrimination claim, that does not dispose of Defendant's motion to exclude all evidence or testimony concerning her emotional distress damages. Flitton's emotional distress is relevant to punitive damages. The Tenth Circuit reinstated the gender discrimination claim and Flitton's request for punitive damages. The court recognized that to obtain punitive damages, Flitton must show that the employer "intentionally and illegally discriminated" against her on the basis of her gender.

Under *Kolstadt v. American Dental Association*, 527 U.S. 526 (1999), a party seeking punitive damages must prove that the employer intentionally and illegally discriminated on the basis of a protected category, and that the employer knew the requirements of the law and ignored them. The focus of the punitive damages inquiry is aimed at the actions and knowledge of the employer. There must be evidence of malice or a reckless indifference to Flitton's federally protected rights.

PRMI argues that the impact of the employer's actions on Flitton's emotional health is irrelevant to this particular inquiry. PRMI contends that all that is relevant to the punitive damages inquiry is what Flitton told Zitting about her concerns. Evidence that PRMI was aware of Chapman's conduct and the emotional toll it was taking on Flitton, however, could be used to demonstrate that PRMI's conduct was intentional. Although most of the focus in determining punitive damages is on Defendant's state of mind, there is some relevance in evidence to the effect that Flitton was telling them of the emotional distress Chapman was causing her and

PRMI's indifference or reaction to it. Such evidence could go to PRMI's potential malice and reckless indifference to Flitton's rights and allow the jury to consider PRMI's actions in context. Therefore, the court will allow Flitton's emotion distress to be introduced at trial to the extent that is relevant to punitive damages.

Because the court is allowing evidence of Flitton's emotional distress at trial, PRMI's is allowed to introduce evidence of Flitton's pre-employment anxiety issues. Flitton's objections to this evidence goes to the weight to be given to it. Such arguments can be made to the jury. The evidence is not more prejudicial than probative.

## CONCLUSION

As set forth above, Defendant's Motion in Limine to Exclude All Evidence or Testimony Concerning Emotional Distress Damages is GRANTED IN PART AND DENIED IN PART.

DATED this 28th day of March, 2008.

_____
Dale A. Kimball,
United States District Judge