IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **YVONNE FLITTON,**<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>**PRIMARY RESIDENTIAL MORTGAGE, INC.; et al.,**<br><br>　　　　　　Defendants. | **ORDER**<br><br>Case No. 2:03-cv-481-DAK-PMW<br><br>**District Judge Dale A. Kimball**<br><br>**Magistrate Judge Paul M. Warner** |

　　　　This case was referred to Magistrate Judge Paul M. Warner by District Judge Dale A. Kimball pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court is Primary Residential Mortgage, Inc.'s ("Defendant") motion to compel production of expert witness documents.[2]  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda.  *See* DUCivR 7-1(f).

　　　　As an initial matter, the court notes that the correspondence submitted with Defendant's supporting memorandum demonstrates that Defendant has satisfied its obligation to in good faith confer or attempt to confer with Yvonne Flitton ("Plaintiff") in an effort to obtain to the above-referenced documents prior to bringing the instant motion.  *See* Fed. R. Civ. P. 37(a)(1); DUCivR 37-1(a).

---

　　　[1] *See* docket no. 380.

　　　[2] *See* docket no. 378.

In its motion, Defendant argues that Plaintiff failed to produce certain documents that her experts identified during their depositions as documents that they used or relied upon in the process of preparing their expert reports. More specifically, Defendant seeks the following two categories of documents identified by Plaintiff's experts during their depositions: (1) copies of all draft reports for two of Plaintiff's experts, Lance Strosser and Carol Flaspoehler, regardless of who prepared those drafts; and (2) copies of certain supporting documents from two of Plaintiff's experts, Mr. Strosser and Richard Lee, regardless of who prepared those documents. Defendant argues that Plaintiff was required to produce those documents under rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(a)(2)(B). Defendant also requests an award of reasonable expenses, including attorney fees, in the event the court grants its motion. *See* Fed. R. Civ. P. 37(a)(5)(A).

In response, Plaintiff urges the court to deny Defendant's motion. As to the first category of documents referenced above, Plaintiff asserts that she has no copies of any drafts of the expert reports of either Mr. Strosser or Ms. Flaspoehler and that she has informed Defendant of that fact several times. Concerning the second category of documents referenced above, Plaintiff maintains that Defendant currently has possession of copies of all requested documents.

In its reply, with respect to the first category of documents, Defendant argues Plaintiff should not be allowed to simply claim that she does not have any copies of draft reports for either Mr. Strosser or Ms. Flaspoehler. Defendant requests that the court require Plaintiff to produce any and all draft reports, regardless of who produced them. In the alternative, Defendant requests that the court require Plaintiff, her counsel, Mr. Strosser, and Ms. Flaspoehler to provide sworn representations to the court indicating that they have searched diligently for any draft reports and

that no such draft reports exist.  As to Plaintiff's assertion concerning the second category of documents, Defendant asserts that while it now has all of the requested documents, it was only provided with those documents after being forced to bring the motion before the court and to subpoena documents from Mr. Strosser.

Accordingly, Defendant requests that the court grant its motion to compel to ascertain the status of the draft reports in the first category of documents referenced above.  In its reply, Defendant again requests an award of reasonable expenses, including attorney fees.  *See id*.  Defendant amends its request, however, to include the reasonable expenses incurred both in bringing the instant motion and in connection with the subpoena to Mr. Strosser.  Defendant also requests that the court impose sanctions on Plaintiff and her counsel.

After considering the parties' arguments, the court has determined that Defendant's motion is **GRANTED IN PART AND DENIED IN PART**, as follows.  Concerning the first category of documents, Defendant's motion is granted.  More specifically, Plaintiff is hereby ordered to produce any and all drafts of the expert reports of Mr. Strosser or Ms. Flaspoehler, regardless of who produced those drafts.  If, as Plaintiff contends, there are no such draft reports, Plaintiff, her counsel, Mr. Strosser, and Ms. Flaspoehler shall provide sworn representations to Defendant and the court indicating that they have searched diligently for said draft reports and that no such draft reports exist.

As to the second category of documents, Defendant's motion is denied.  Notwithstanding Defendant's allegations about Plaintiff's counsel's conduct with respect to producing those documents, it appears that Defendant now has copies of all the requested documents.  Accordingly, there are no documents for the court to compel Plaintiff to produce.

At the same time, however, the court shares Defendant's concerns with respect to being forced to serve a subpoena on Mr. Strosser in order to obtain certain documents related to his expert report. Plaintiff's counsel's apparent unwillingness to request those documents from Mr. Strosser, who is one of Plaintiff's own experts, and provide them to Defendant was both unwarranted and lacked the professionalism this court expects from counsel. Accordingly, the court has determined that Defendant should be awarded the reasonable expenses, including attorney fees, incurred in connection with the subpoena served on Mr. Strosser. *See* Fed. R. Civ. P. 37(a)(5)(C) (allowing court to "apportion the reasonable expenses" related to a motion to compel when the motion is granted in part and denied in part). The court has also determined, based on all the circumstances, that Defendant is not entitled to any other reasonable expenses. *See id*. Finally, the court has determined that sanctions against Plaintiff or her counsel are not appropriate in this case.

In order to obtain its award, Defendant shall submit to the court within ten (10) days of the date of this order an affidavit and cost memorandum detailing the reasonable expenses, including attorney fees, incurred in connection with the subpoena served on Mr. Strosser. After receipt of that affidavit and cost memorandum, and provided that the stated expenses, costs, and fees are reasonable, the court will enter an order finalizing the award.

**IT IS SO ORDERED**.

DATED this 17th day of October, 2008.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge