IN THE UNITED STATES DISTRICT COURT DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| YVONNE FLITTON,<br><br>      Plaintiff,<br>vs.<br><br>PRIMARY RESIDENTIAL MORTGAGE, INC.<br><br>      Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>2:03CV481DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on three pending motions: Defendant Primary Residential Mortgage, Inc.'s ("PRMI") Motion for Review of Clerk's April 16, 2009 Taxation of Costs to Plaintiff; PRMI's Motion and Request for Review of Clerk's Denial of Costs to Defendant; and PRMI's Motion to Strike or in the Alternative to Deny All Requested Relief Set Forth in the Supplemental Affidavit of Attorneys Fees of John V. Mayer.  The motions are fully briefed. The court, however, does not believe that a hearing will significantly aid in its determination of the motions.  Accordingly, the court renders the following Memorandum Decision and Order based on the parties' submissions and the law and facts relevant to the pending motions.

## DISCUSSION

### PRMI's Motion for Review of Costs Awarded to Plaintiff

PRMI seeks review and modification of the Clerk's Taxation of Costs granting Plaintiff costs in the amount of $7918.70 for the following five reasons: (1) Plaintiff did not timely apply

for costs incurred in connection with her appeal to the Tenth Circuit; (2) Plaintiff should not be allowed to recover costs incurred in connection with her unsuccessful second jury trial; (3) Plaintiff cannot recover costs relating to witnesses she never called at trial; (4) Plaintiff can only recover copying costs incurred for copies "necessarily obtained" in preparation for trial; and (5) Plaintiff should not be allowed to recover costs for a trial transcript that the parties agreed to pay for jointly.  Most of these issues were addressed by the Clerk in the Taxation of Costs.

      A.  **Appellate Costs**

PRMI argues that Plaintiff cannot recover appeal-related costs because she failed to comply with the procedures for recovering costs on appeal under Rule 39 of the Federal Rules of Appellate Procedure.  Under Rule 39, "if a judgment is reversed, costs are taxed against the appellee." Fed. R. App. P. 39(a)(3).  "A party who wants costs taxed must–within 14 days after entry of judgment–file with the circuit clerk . . . an itemized and verified bill of costs." *Id.* 39(d).  In addition to costs taxed by the court of appeals, Rule 39 provides for costs on appeal that are taxable in the district court. *Id.* 39(e).  The costs taxable in the district court include: "(1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal." *Id.*

It is undisputed in this case that Plaintiff did not submit a request for costs to the Tenth Circuit.  Plaintiff, however, claims only to be seeking costs under Rule 39(e), which allows the district court to award appeal-related costs.  The Clerk determined that the costs Plaintiff was requesting were appropriate costs and brought timely after the entry of final judgment.  PRMI disagrees with the Clerk's determination based again on the same arguments it advanced before

the Clerk.

PRMI argues that Plaintiff is not entitled to appeal-related copy costs because she was required to request those fees from the Tenth Circuit. Copy costs are not included in the costs identified in Rule 39(e) that can be awarded by the district court. Plaintiff may not receive copy costs because the can only be awarded by the appellate court. Plaintiff's awarded costs should therefore be reduced by $372.07, which is the amount she sought in connection with appeal-related copy costs.

The court agrees with the Clerk that Plaintiff's request for costs under Rule 39(e) in the district court was timely. While eighteen months passed between the appellate court ruling and Plaintiff's request, two trials were conducted during that time and judicial economy was served by Plaintiff's postponement in filing her bill of costs.

**B. Second Jury Trial**

PRMI argues that Plaintiff should not be awarded costs for her unsuccessful second jury trial. "In the event of a mixed judgment . . . it is within the discretion of a district court to require each party to bear its own costs." *Barber v. Williamson*, 254 F.3d 1223, 1233 (10th Cir. 2001) (quoting *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1997)).

The court declines to exercise its discretion in allocating costs between the parties. The court finds Plaintiff to be the prevailing party. In connection with this court's order awarding attorney fees, the court already discussed this issue. Even though Plaintiff was not successful at the second trial, she had already obtained substantial success from the first jury trial. Plaintiff should not be penalized for the necessity of relitigating claims that should have been resolved by the jury in the first trial. The district court's erroneous rulings in connection with the first trial,

which were based on arguments advanced by Defendant, necessitated the second trial. Accordingly, as with attorney fees, the court concludes that Plaintiff is entitled to costs associated with the second trial.

### C. Witnesses Not Called at Trial

Next, PRMI argues that Plaintiff should not be allowed to recover costs associated with witnesses that she did not call at trial. The Clerk awarded Plaintiff witness fees for Jeff Zitting and Kyle Swenson in connection with the first jury trial, and Deanna Bath, Jim Crawford, and Jeff Zitting in connection with the second jury trial.

PRMI cites to *Albertson v. IBP, Inc.*, 1997 U.S. Dist. LEXIS 15429 (D. Kan. 1997) for the proposition that a party may not recover costs associated with a witness "who travels to the courthouse but does not testify at trial." *Id.* at *7. The presumption is "that the person was not a necessary witness." Wright & Miller, 10 Federal Practice & Procedure, § 2678. But Plaintiff cites to *Spiritwood Grain Co. v. Northern Pac. Ry.*, 179 F.2d 338 (8th Cir. 1950), which recognized that the court has discretion to award costs for witnesses who are not called at trial "if it appears that an order of court or other circumstances rendered their testimony unnecessary." *Id.* at 344.

The Clerk's Order recognized that the determination of whether a witness is reasonably necessary must be applied at the time the witness is subpoenaed. In this case, circumstances at trial and the court's order made the witnesses testimony unnecessary. The court agrees with the Clerk that to allow witness costs only for testifying witnesses would encourage redundant and unnecessary testimony merely to ensure that costs are recovered. Plaintiff was correctly awarded costs for these witnesses.

PRMI also argues that Plaintiff is not entitled to costs for the deposition transcripts of Lance Strosser and Carol Flashpoehler. Plaintiff identified both of these individuals as experts for the bench trial, but did not ultimately call them. Plaintiff states that the witnesses became unnecessary during the course of trial based on unexpected testimony from Bret Wall and Kevin Gates. Plaintiff, therefore, could not have known that these depositions or witnesses were unnecessary until trial. The deposition transcripts were necessary to prepare for trial based on the anticipated testimony of other witnesses. The court, therefore, concludes that the Clerk's award of such costs was appropriate.

### D. Copying Costs

PRMI further argues that Plaintiff's $3008.66 in photocopying costs is excessive for allowable copying costs under 28 U.S.C. § 1920. Section 1920 allows a party to recover copying costs "necessarily obtained for use in the case." *Id.* PRMI contends that the Tenth Circuit requires that copies be "reasonably necessary for trial." But the Tenth Circuit has also held it does "not require that a civil rights attorney justify each copy he or she makes, and we do not think that the burden to justify copies is a high one." Case v. Unified School Dist., 157 F.3d 1243, 1259 (10th Cir. 1998).

The Clerk found the number of copies reasonable, and neither side has presented evidence demonstrating that the finding was in error. The court also finds the number of copies reasonable given the protracted nature of this case. Accordingly, the court finds no basis for altering the Clerk's award of copying costs to Plaintiff.

### E. Trial Transcript

Finally, PRMI objects to Plaintiff's recovery of costs for transcripts that the parties agreed

to pay for jointly. The Clerk addressed these jointly paid transcripts but recognized that absent an agreement between the parties to share the costs, the entire transcript costs would have been recovered by Plaintiff. PRMI, however, views the agreement between the parties as creating a binding contract whereby neither party could seek reimbursement from the other.

PRMI, however, does not point to a provision in the parties' contract providing that either party was waiving its or her rights to recover its or her portion of the transcript costs for purposes of taxable costs. If the parties intended to waive those rights they should have been addressed clearly enough that this court could find a knowing waiver of such rights. The court will not imply a waiver of a party's rights based on one party's self-serving interpretation of the contract.

PRMI also argues that this court should use its discretion in awarding or denying costs to carefully scrutinize requested costs and to deny those costs that improperly drive up the costs of litigation. The court agrees with the sentiment. But PRMI does not explain how awarding Plaintiff as taxable costs the portion of the transcripts she paid improperly drives up the costs of litigation. It increases the costs that PRMI is obligated to pay Plaintiff, but it remains a cost reasonably necessary to the litigation. Accordingly, the court finds no basis for disallowing the costs awarded to Plaintiff.

### PRMI's Motion for Review of Costs to Defendant

PRMI requests this court to review and amend the Clerk's Taxation of Costs, which denied the recovery of any taxable costs to PRMI. PRMI argues that Rule 54 of the Federal Rules of Civil Procedure grants the court broad discretion to award or deny costs to parties regardless of who may qualify as a prevailing party. *See, e.g., Barber v.* Williamson, 254 F.3d 1223, 1234 (10th Cir. 2001) (court has discretion to "apportion costs among the parties or to

reduce the size of the prevailing party's award to reflect [a] partial success"). "The determination of whether a party is entitled to costs necessarily must be made on the basis of the 'circumstances and equities' of each case." *Lacovara v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 102 F.R.D. 959, 961 (E.D. Pa. 1984).

Plaintiff is clearly the prevailing party in this action. PRMI, however, claims that it has enjoyed more success in this matter than Plaintiff. PRMI claims that it had several claims dismissed, it received defense verdicts on the discrimination and punitive damages claims, and it prevailed on its counterclaim. The court, however, believes that although Plaintiff brought several factually and legally interrelated claims, she prevailed on the substance of the matter at issue. Because of the court's erroneous decisions in this case before, at, and after the first jury trial, Plaintiff was never allowed to present one jury with both her retaliation and discrimination claims. That procedural irregularity was a distinct disadvantage to Plaintiff's recovery. Moreover, Plaintiff was not at fault for such procedural irregularities. The court believes it would be inequitable to award costs to PRMI in relation to the second trial when it was PRMI's misguided arguments and this court's erroneous rulings that caused the need for the second trial. The court, therefore, refuses to exercise its discretion to apportion costs between PRMI and Plaintiff with respect to the interrelated sexual harassment, discrimination, retaliation, and punitive damages claims.

PRMI's remaining claim for costs associated with its successful counterclaim, is the only claim the court finds to have merit. Under the counterclaim, PRMI sought and obtained a verdict for $2375.84 for a laptop computer belonging to PRMI that Plaintiff retained when she was terminated. While insignificant to the central issue of the case, the court believes that PRMI may

7

obtain costs associated with that claim if they are separate from the costs associated with the defense of Plaintiff's claims.

PRMI submitted a Bill of Costs after the first jury trial for $8205.57. These costs were combined costs for the defense of Plaintiff's claims and the prosecution of its counterclaim. PRMI's Bill of Costs do not break down the amount PRMI believes relates solely to its counterclaim. The court, however, believes that it would be a small portion of the requested costs given the relative simplicity of the counterclaim in relation to the rest of the trial issues. Accordingly, the court awards PRMI costs in the amount of $820.00 for costs associated with the prosecution of its successful counterclaim.

## PRMI's Motion to Strike Requested Attorneys Fees

PRMI moves to strike Plaintiff's supplemental affidavit for attorney fees because it was not supported by a motion for attorney fees and any such motion would be untimely. This court issued a Memorandum Decision and Order Awarding Attorney Fees on May 7, 2009. On May 15, 2009, Plaintiff filed a Supplemental Affidavit of Attorneys Fees of John V. Mayer, without any supporting motion or memorandum, seeking $35,744.50 in additional attorney fees and $1964.19 in additional costs. The affidavit also appears to seek review of the Clerk's Taxation of Costs denying $9477.83 in other costs.

In this district, a party must file a motion for attorneys fees within thirty days of judgment being entered. See DUCivR 54-2[f]. At the time that she filed the supplemental affidavit, Plaintiff had already filed her motion for attorneys fees and such motion had been granted by the court. Plaintiff did not request further attorney fees in her original request or during the briefing of the original request. Plaintiff was obviously well aware of the time being spent on these

matters at the time of such briefing.

The court recognizes that courts have been willing to award attorney fees incurred in defending an application for attorney fees in Title VII matters. *Luciano v. Olsten Corp.*, 925 F. Supp. 956 (E.D.N.Y. 1996). The court itself has awarded fees incurred in relation to the application for attorney fees in other cases. Plaintiff, however, did not request such fees in a timely manner. Plaintiff also did not file the supplemental affidavit with a motion or memorandum to support her request for additional fees.

Plaintiff makes no attempt to explain her failure to follow the rules of civil procedure or the local rules of this court. Plaintiff merely faults PRMI for its stubborn litigation tactics. This, however, does not explain her own failure to timely request the fees or to file a motion for the requested fees. Although it appears to have been an oversight for Plaintiff not to request the fees in relation to the original motion, Plaintiff never states that is the case. Rather, Plaintiff appears to contend that there are no procedural problems with the filing of the supplemental Affidavit.

In addition, Plaintiff fails to explain her untimely attempt to obtain the costs disallowed in the Clerk's Taxation of Costs. Again, Plaintiff did not file an actual motion for a review of the costs and did not file the supplemental Affidavit timely after the Clerk's Taxation of Costs. If the court allowed parties to determine their own timetables and requirements, there would be no rules on which parties and counsel could rely. The court admonishes Plaintiff for her failure to abide by the rules of court.

Nonetheless, the court recognizes that the parties have spent a significant amount of time on post trial motions and it would be a heavy sanction to disallow all fees and costs associated with these matters. The court will award Plaintiff additional fees and costs in the amount of

$6000. The court believes that this amount is a reasonable fee for work relating to the numerous post judgment motions in light of Plaintiff's failure to timely request such fees and costs. The court will not review the costs disallowed in the Clerk's Taxation of Costs.

### CONCLUSION

Based on the above reasoning, Defendant PRMI's Motion for Review of Clerk's April 16, 2009 Taxation of Costs to Plaintiff is GRANTED IN PART AND DENIED IN PART as the award is reduced by $372.07 for appeal-related copy costs; PRMI's Motion and Request for Review of Clerk's Denial of Costs to Defendant is GRANTED IN PART AND DENIED IN PART as PRMI is awarded $820.00 in relation to costs associated with the prosecution of its successful counterclaim; and PRMI's Motion to Strike or in the Alternative to Deny All Requested Relief Set Forth in the Supplemental Affidavit of Attorneys Fees of John V. Mayer is GRANTED IN PART AND DENIED IN PART. The court awards Plaintiff an additional $6000.00 in attorney fees and costs related to post judgment motions.

DATED this 16th day of June, 2009.

_____
Dale A. Kimball,
United States District Judge